3UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO:

AGCS MARINE INSURANCE CO.,
as subrogee of Caribbean Refrescos, Inc.,

    Plaintiff,

vs.

CROWLEY MARITIME CORPORATION,
a Delaware Corporation, CROWLEY PUERTO
RICO SERVICES, INC., a Delaware Corporation,
and XYZ CORP, INC. and/or JOHN and/or JANE DOE,
as Owners of Certain Cargo on Voyage 027S,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, AGCS MARINE INSURANCE CO. (hereinafter "AGCS"), as subrogee of Caribbean Refrescos, Inc. (hereinafter "Refrescos"), by and through its undersigned counsel, hereby files its Complaint against the Defendants, CROWLEY MARITIME CORPORATION ("CROWLEY"), CROWLEY PUERTO RICO SERVICES, INC. ("CPRS") and XYZ CORP, INC. and/or JOHN and/or JANE DOE, as Owner(s) of Certain Cargo aboard the Barge "Miami" on Voyage 027 Southbound which caused or contributed to the subject loss on or about March 6, 2014 (hereinafter collectively referred to as "XYZ CORP"), and states as follows:

    1.    This action arises out of the damage to a cargo of liquid extract/flavoring, citric acid, Aspartame and other ingredients used to prepare the Coca-Cola beverage, being shipped from Jacksonville, Florida to San Juan, Puerto Rico on or about March 6, 2014 by CROWLEY and/or CPRS on the Barge "Miami".

2. This is an admiralty and maritime claim pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h). The Court has jurisdiction pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.,* and has ancillary and pendent jurisdiction over related claims.

3. Venue is proper in the United States District Court for the Southern District of Florida as the applicable Bill of Lading Terms and Conditions provide that suit shall be brought in the Federal Courts of the United States, and the Defendants, CROWLEY and CPRS, are present and conducting business in the District.

5. All conditions precedent to bringing this action have been met. The Defendants, CROWLEY and CPRS, have agreed to provide Plaintiff with an extension of time up to and including April 10, 2015 in which to assert claims against these Defendants under Carriage of Goods by Sea Act or otherwise.

6. Refrescos is a subsidiary of the Coca-Cola Corporation and, at all times material hereto, had its principal place of business in Cidra, Puerto Rico. Refrescos was the consignee and owner of the goods at issue herein.

7. AGCS is an insurance entity incorporated and existing under the laws of the State of Illinois and, at all times material hereto, was the insurer of the goods at issue herein. AGCS brings this action as a subrogated insurer, having paid an insurance claim in the amount of $1,068,449.94 to Refrescos for the loss of the goods at issue herein, and therefore is entitled to maintain this action as the subrogated insurer of Refrescos.

8. CROWLEY is a common carrier of goods, doing business in Miami-Dade County, Florida, and at all times relevant hereto was the carrier of the goods at issue.

9. CPRS is a common carrier of goods, doing business in Miami-Dade County, Florida, and at all times relevant hereto was the carrier of the goods at issue.

10. XYZ CORP is the owner and/or shipper of cargo on board the Barge "Miami" on Voyage No. 027 Southbound that caught fire and caused and/or contributed to the subject loss sustained by Plaintiff herein.

11. Container Nos. CMCU4503570, CMCU4516120, CMCU4574487, CMCU4954698, CMCU4962121 and CMCU4972618 were loaded on the Barge "Miami" on or about March 4, 2014 for transport from Jacksonville, Florida to San Juan, Puerto Rico. While transporting said containers to San Juan, Puerto, Rico, the contents of the containers were damaged as the result of a fire, which originated in containers of cargo owned by the Defendant, XYZ CORP, INC., that were loaded and stowed by CPRS and/or CROWLEY in close proximity to the Plaintiff's containers on the Barge "Miami".

12. CROWLEY's and CPRS' Bill of Lading Terms and Conditions incorporate by reference and mandate application of the Carriage of Goods by Sea Act of the United States (COGSA), whether the carriage of goods is between United States ports or between non-United States ports.

13. AGCS paid the sum of $1,068,449.94 to Refrescos in full settlement of its claim under the policy of insurance for the subject cargo. As a result, AGCS is subrogated to the rights of its Insured, Refrescos, the consignee of the subject containers.

## COUNT I
### BREACH OF CONTRACT OF CARRIAGE
### AGAINST CROWLEY MARITIME GROUP

Plaintiff re-alleges paragraphs 1 through 13 above as if fully set forth herein and further alleges:

14. CROWLEY breached the contract of carriage by failing to deliver the cargo in the same good order and condition as when received by CROWLEY. The loss occurred while the

Page 4

cargo was in the charge of the carrier CROWLEY and was the result of CROWLEY's failure to exercise due diligence in the care and custody of the cargo, unreasonable deviation from the contract of carriage, failure to properly carry, keep, care for, discharge, store and deliver the cargo to the consignee in the same good order and condition in which it was received. Plaintiff has been damaged as a result thereof.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of Caribbean Refrescos, Inc., demands judgment against CROWLEY MARITIME GROUP for damages in the amount of $1,068,449.94 and all interest, costs and such other relief as the Court deems just and proper.

## COUNT II
### BREACH OF BAILMENT
### AGAINST CROWLEY MARITIME GROUP

Plaintiff re-alleges paragraphs 1 through 13 above as if fully set forth herein and further alleges:

15.     CROWLEY accepted the cargo and agreed to deliver the cargo to the consignee and/or the consignee's agent in the same good order and condition as when received by CROWLEY.

16.     CROWLEY thereby became the bailee for hire of the cargo and had a duty as bailee to deliver the cargo in the same good order and condition as when received.

17.     CROWLEY breached that duty by failing to exercise ordinary diligence and reasonable care so as to deliver the cargo in the same good order and condition as received.

18.     CROWLEY failed to deliver the bailed cargo in the same good order and condition as when received and Plaintiff has been damaged as a result thereof.

Page 5

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of Caribbean Refrescos, Inc., demands judgment against CROWLEY MARITIME GROUP for damages in the amount of $1,068,449.94 and all interest, costs and such other relief as the Court deems just and proper.

## COUNT III

### BREACH OF CONTRACT OF CARRIAGE
### AGAINST CROWLEY PUERTO RICO SERVICES, INC.

Plaintiff re-alleges paragraphs 1 through 13 above as if fully set forth herein and further alleges:

19. CPRS breached the contract of carriage by failing to deliver the cargo in the same good order and condition as when received by CPRS. The loss occurred while the cargo was in the charge of the carrier CPRS and was the result of CPRS' failure to exercise due diligence in the care and custody of the cargo, unreasonable deviation from the contract of carriage, failure to properly carry, keep, care for, discharge, store and deliver the cargo to the consignee in the same good order and condition in which it was received. Plaintiff has been damaged as a result thereof.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of Caribbean Refrescos, Inc., demands judgment against CROWLEY PUERTO RICO SERVICES, INC. for damages in the amount of $1,068,449.94 and all interest, costs and such other relief as the Court deems just and proper.

## COUNT IV

### BREACH OF BAILMENT
### AGAINST CROWLEY PUERTO RICO SERVICES, INC.

Plaintiff re-alleges paragraphs 1 through 13 above as if fully set forth herein and further alleges:

20. CPRS accepted the cargo and agreed to deliver the cargo to the consignee and/or the consignee's agent in the same good order and condition as when received by CPRS.

21. CPRS thereby became the bailee for hire of the cargo and had a duty as bailee to deliver the cargo in the same good order and condition as when received.

22. CPRS breached that duty by failing to exercise ordinary diligence and reasonable care so as to deliver the cargo in the same good order and condition as received.

23. CPRS failed to deliver the bailed cargo in the same good order and condition as when received and Plaintiff has been damaged as a result thereof.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of Caribbean Refrescos, Inc., demands judgment against CROWLEY PUERTO RICO SERVICES, INC. for damages in the amount of $1,068,449.94 and all interest, costs and such other relief as the Court deems just and proper.

**COUNT V**

**NEGLIGENCE**

**AGAINST XYZ CORP, INC. and/or JOHN DOE and/or JANE DOE
AS OWNERS OF CERTAIN CARGO ON BOARD THE BARGE "MIAMI"
THAT CAUSED OR CONTRIBUTED TO THE SUBJECT LOSS**

Plaintiff re-alleges paragraphs 1 through 13 above as if fully set forth herein and further alleges:

24. At all times material hereto, XYZ CORP owed AGCS' Insured, Refrescos, a duty to exercise reasonable care in the stowing, securing, labeling, warning and transporting of their cargo.

25. XYZ CORP breached its duty of care by failing to properly load, stow, secure, label, transport and otherwise advise of the dangerous propensities of their cargo.

Page 7

26.     As a result of XYZ CORP's breach of its duty of care, Plaintiff's cargo was damaged, requiring AGCS to pay its Insured, Refrescos, the sum of $1,068,449.94, in accordance with the terms and conditions of the AGCS policy of insurance.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of Caribbean Refrescos, Inc., demands judgment against XYZ CORP for damages in the amount of $1,068,449.94 and all interest, costs and such other relief as the Court deems just and proper.

Dated:   April 10, 2015
         Miami, Florida

Respectfully submitted,

  */s/ Jonathan W. Skipp*
JONATHAN W. SKIPP
Florida Bar No.: 710570
jskipp@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Telefax:   (305) 670-2526
***Attorneys for Plaintiff***

/947206